DANIPL, J.,
stated the Case, and delivered the opinion of the Court:
The Defendants were indicted in the Superior Court of Law, at the September Term, 1822. The Indictment *states that the said John Prvin and Pleasant Lewis, on the second day of July, 1822, “feloniously and falsely did make, forge, and counterfeit, six notes, purporting to he bank notes of the Bank of Cape Pear, the said Bank of Cape Pear being a chartered bank on the said second day of July, 1822, by the Government of the State of North Carolina ; also, three notes, purporting to be bank notes of the said State of North Carolina, the said State Bank of North Carolina being a chartered bank on the said second day of July, 1822, by the Government of the State of North Carolina; also, one note, purporting to be a bank note on the Nashville Bank, the said Nashville Bank being .on the said second day of July, 1822, a chartered hank of the State of Tennessee; one of which said six notes on the Bank of Cape Pear, is for ten dollars, No. 874, dated 4th July, 1817,” and then follow the amount, number and date of the other five notes, respectively, purporting to be notes of the Bank of Cape Pear, with a statement in the said Indictment, that “all the said six notes have each the signature R. Bradley, Cashier, and the signature John London, President; but, for greater certainty as to their inden-tity, the said notes, so falsely made, and forged, and counterfeited, on the said Bank of Cape Pear, are hereto annexedthen follows in the Indictment, a like statement of the amount, number, and date, of each of the three notes purporting to be bank notes of the State Bank of North Carolina, with the allegation that each had “the signature Wm. H. Haywood, as Cashier,” and “the signature Wm. Polk, as President,” and then it is stated as to these three notes, “for greater certainty as to their identity, they are with the said six purporting to be notes of the said Bank of Cape Pear, “hereto annexed,” (that is, to the said Indictment,) and a like statement is then made in the Indictment, of the amount, number, and date, of the Nashville Bank note, which had “ the signature John Anderson, for Cashier,” with the like statement that, for greater certainty as to its identity, it is annexed to the Indictment, together with the six notes purporting to be notes on the Bank of Cape Pear, and the three notes purporting to be notes of the State Bank of North Carolina. Then follows, in the body of the Indictment, and on the face of it, by way of annexation, the ten notes above described ; the original forged notes being annexed by wafers, paste, or otherwise, instead of being copied into the Indictment, according *to the tenor of each. Immediately succee *262 ding this, follows a statement in the Indictment, that the Defendants, on the said second day of July, 1822, did feloniously make, forge, and counterfeit, the whole and each of the said ten notes, with intent to injure, and defraud, many of the good people, and citizens of this Commonwealth, and others, to the jurors unknown, against the form of the Act, &c. &c.
Then follows a second Count in the Indictment against the Defendants, for feloniously causing and procuring the same ten notes to be falsely made, forged and counterfeited, &c. with intent to cheat, and defraud many citizens of this Commonwealth, &c.
Then follows a third Count, charging that the Defendants did willingly act and assist in falsely making, forging and counterfeiting the same ten notes, &c. with intent to injure and defraud divers good citizens of this Commonwealth, and others to the Jurors unknown, &c.
Another Count in the Indictment charges that the Defendants did feloniously pass to a certain William Strong the same ten counterfeited notes, purporting to, be bank notes, &c. they the said Ervin and Dewis then and there knowing the same to be false, forged, and counterfeited, with intent to injure and defraud the said Wm. Strong, and others, to the Jurors unknown, and also with intent to injure and defraud any person or persons to whom the said Wm. Strong should pass the said notes, the same being put into his hands for the purpose of general circulation.
Another Count charges the Defendants with feloniously causing and procuring the same ten counterfeited notes, purporting to be bank notes, to be offered to be passed or exchanged, they knowing the same to be false, forged, and counterfeited, with intent to injure all the good citizens of this Commonwealth, and all other persons to whom the said notes might be passed by such procurement.
The tenor of the notes charged to be forged or put in circulation, is no where set forth in the Indictment,"other than as described in the first Count, and is in each succeeding Count referred to as being annexed to the first Count, for greater certainty as to their identity.
To this Indictment the prisoners pleaded not guilty, and the venire found a general verdict of guilty, &c. and thereupon, the prisoners moved to arrest judgment upon the verdict of the jurors aforesaid, and assigned many causes of error ; and the Superior Court of Daw considering the ^questions arising thereupdn to be new and difficult, the Judge thereof, with the consent of the prisoners, adjourned the same to this Court, upon the following question: “Is either of the objections presented by the plea in arrest of judgment, or are all of them such that judgment ought thereupon to be arrested ?”
To understand the precise character of each of the objections urged by the prisoner, it would be necessary to notice them in particular detail. But, as they all taken together present one question, the decision of which closes the Case, the Court considers it most profitable to confine its attention to that question, which is, whether or not the reference made to the notes said to be forged, by way of annexation to the Indictment, in the manner already noticed, instead of setting out the tenor of said notes in the body of indictment, be sufficient after verdict to authorise the Court to proceed to judgment according to the verdict ?
The decision of this question depends on the 44th section of the Act to reduce into one the several Acts concerning the method of proceeding against free persons charged with certain crimes, &c. 1 vol. Rev. Code of 1819, ch. 169, p. 611, which is as follows: “After the verdict of twelve men, no judgment'on any Indictment or Information for felony, or any other offence whatsoever, shall be stayed or reversed for any supposed defect or imperfection in any such Indictment or information, so as the felony or offence therein charged to have been committed or done, be plainly and in substance set forth with convenient certainty, so as to enable the Court to give judgment thereupon according to the very right of the cause, ” &c.
However irregular the practice be, which has been observed in this Case, of annexing the forged note to the Indictment, instead of setting forth its tenor ; and whatever might have been the result of a motion to quash the Indictment, if one had been made in this Case, before plea and verdict, are questions not now necessary directly to decide, as no effort was made to correct such practice, or quash the Indictment before the trial. After trial and verdict, the effort is made too late. The Act of the General Assembly above quoted, evidently intending that where a real felony or offence is charged in an Indictment or Information, though defectively charged, and the party accused pleads to the offence charged, he shall be con-eluded by the verdict *of the jury, and shall not after trial take advantage of the want of form which he had before waived by pleading to the fact, instead of objecting to the defective manner in which that fact is stated.
This Court considering the felony charged in the Indictment against the Defendants to be plainly and in substance set forth with such certainty as to enable the Court to give judgment thereon, according to the very right of the cause, without any doubt as to the precise fact of felony charged, is therefore of opinion, and doth decide, “ that neither of the objections presented by the plea in arrest of judgment in this Case, is such, nor are all of them such, as that judgment ought to be thereupon arrested:” which is ordered to be certified.
2Vote (in edition of 1853). — There were several other grounds assigned for arresting the judgment, which are not recited in the opinion delivered by the Judge, but which are also adjudged to be insufficient to arrest the j udgment. These are, 1. That it is not alleged that the bank notes mentioned in the first *263 Count were forged, nor tliat the willingly acting, &c. in the third Count, was done with intent to inj are the President, Directors & Co. of those hanks, nor any particular person or persons, or hody politic or corporate, hut only to injure divers good citizens, •&c. and others unknown. The same objection as to fifth Count. 2. That in the third Count it is not alleged that the Defendants willingly acted and assisted any person or persons in particular, whatsoever, hut merely that they willingly acted and assisted in falsely making, forging, &c. 3. That the intent charged in the fourth Count was to injure and defraud William Strong, and others. 4. That the procuring in the fifth Count charged, was the causing and procuring to he offered to he passed or exchanged, the* said notes, without alleging of which act they are guilty. 5. That it is not alleged in the third and fifth Counts, who the Defendants caused and procured to offer to pass said notes, nor to whom they were offered, nor that they were offered hy or to any person whatsoever.